In re Harvey Lee HEISHMAN, Jr., and Helen Marie Heishman, Debtors.

WESTERN EQUITIES, INC., Plaintiff-Appellant,

v.

Harvey Lee HEISHMAN, Jr., Helen Marie Heishman, Defendants-Appellees.

BAP No. 81–1115–KEV.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Jan. 20, 1982.

Decided Feb. 22, 1982.

Gregory A. Manchuk, Sylva & Rubnitz, San Jose, Cal., for plaintiff-appellant.

Matthew M. Spielberg, Castro Valley, Cal., for defendants-appellees.

Before KATZ, ELLIOTT and VOLINN, Bankruptcy Judges.

OPINION

KATZ, Bankruptcy Judge.

This is an appeal from the denial of a motion for summary judgment. We affirm.

The debtors/appellees commenced a proceeding under Chapter 13 of the Bankruptcy Code. Western Equities, appellant, is the holder of a note secured by a deed of trust on the debtors' residence. The note and deed of trust were in default and Western Equities filed a complaint for relief from the automatic stay of § 362 of the Code.

After trial, the court below continued the stay concerning the debtors' residence conditioned upon four events:

"a. Debtors shall file an amended plan providing for sufficient funds to pay plaintiff $100 per month to be applied to curing the arrearage including plaintiff's expenses in connection with enforcement of its rights.

"b. Payments on the note secured by the first deed of trust on the real property herein involved and upon plaintiff's note shall be kept current outside the plan.

"c. Payments to the trustee under the plan shall be kept current.

"d. Funds heretofore tendered and rejected by plaintiff shall be paid over to plaintiff without prejudice to its right to maintain its contention that debtors are in default and the stay should be lifted."

The court below further held that:

"it (the court) may entertain and act upon a motion for summary judgment to lift the stay in the event that plaintiff wishes to present such motion upon the ground that defendant debtors have failed to comply with the conditions. . . ."

Thereafter, plaintiff appealed that decision to the United States District Court for the Northern District of California, which affirmed the court below.[1]

The debtors have complied with all of the conditions imposed upon them by the trial court, including payment of $4,450, out of $5,000 due, to the trustee. The trustee, however, has not paid the $100 per month on the arrearage because plaintiff failed to file a proof of claim, a refusal that is carried forward to this time.

Not having received any payments on their arrearage, plaintiff filed a motion for summary judgment which was denied. This appeal follows.

■ Appellant argues that it need not file a proof of claim because it is not a creditor of the debtors. We agree that appellant need not file a proof of claim. The court's order of April 8, 1980, by which the stay was continued, fixed the exact amount of the arrearage at $2,843 with interest thereon at ⅚ of 1% per month payable through the debtors' plan as a secured claim. That made this creditor a part of the plan and should have been enough to result in payments being made to the creditor by the trustee. Apparently it was not. The failure to receive money by the creditor is due to an administrative problem between it and the trustee. It is not the result of a default by the debtors of any of the provisions of the April 8, 1980 order. Therefore, the denial of the summary judgment motion is affirmed.

■ When this creditor, after the appeal to the district court was concluded, found he would not be paid by the trustee unless he filed a claim, he arbitrarily determined not to file one. The current problem of nonpayment is strictly due to the creditor's unwillingness to comply with the simple expedient of filing such a claim, which would have resulted in payments commencing to it.

While we agree that the filing of a claim, under the facts of this case, was unnecessary, expediency and practicality would have dictated another approach to the problem. Instead, the appellant continued the litigation by filing a summary judgment motion, and after having it denied, filing this appeal.

We think the appellant's actions here were vexatious and border on abuse of process and harassment. We conclude that appellees are entitled to an award of reasonable attorney's fees and costs and therefore remand this matter to the trial court to permit it to fix the fees and costs to be allowed herein.

---

1. The appeal was filed prior to December 1, 1980, the date upon which Bankruptcy Appellate Panels were designated for the Northern District of California by the Circuit Council of the Ninth Circuit of Appeals, pursuant to 28 U.S.C. § 160.